## PALFREY'S SYNDIC *vs.* FRANCOIS & AL.

The question of *aud* made by a editor in *conrso*, against an solvent debtor, tends no further than to deve such debtor the benefit of insolvent vs. A charge of *aud* made a-nst an insolt debtor, by a ditor *in conrso* and over-ed, does not m *res judica* a subsequent by the syndic such creditor, linst the debt-on the same rge, to set a-a fraudulent .. n order that a gment have force of *the* ag adjudged, object of the and must be same: in this e, the object the first in-lce was to ish the debt-in the *latter* , to get back

APPEAL from the court of the fifth district, the judge of the district presiding.

PORTER, J. delivered the opinion of the court. The plaintiff seeks, by this action, to set aside a conveyance, made by one Judice and wife to the defendant, Francois, on the ground of its having been passed to defraud their creditors. The petition alleges the fraud, and avers, that as $2,000 are stated to be the consideration, yet that in fact no consideration was paid; that if cash was given in presence of the notary, it was immediately returned to the vendee, and that the vendors have ever since remained in possession of the property.

Raymond Francois, one of the defendants, pleaded the general issue; specially denied the fraud, and averred that the sum of $2,000, stated in the act of sale, was truly paid by

him, and that of the money, $1,414 87 were applied to discharge a debt due by the vendors to the firm of Raymond & Lebesque, of which he was a partner, and the balance to sundry creditors of the vendors. That he has, since the sale, hired the slaves to Judice and wife, which is the possession spoken of in the petition. He further pleaded, the prescription of one, two and three years; and, that the question of fraud could not now be raised by the syndic, as one of the creditors in the *concurso* had made such an allegation, and a decision had been given on it.

Judice and wife answered, by denying the allegations in the petition, and more especially the charge of fraud. They averred, that the sale was *bona fide*, that they had received the sum of $2,000, and had employed it in paying their just debts. That the same allegation had been made against them by one of the creditors in *concurso*, and notwithstanding the opposition on that ground, the defendant, Maximillien Judice, had, by a decree of court, been admitted to the benefit of the law of this state, for the relief of insolvent debtors, by reason of which the syndic cannot now

PALFREY's
SYNDIC
*vs.*
FRANCOIS & AL.

property fraudulently sold.

When the allegations in the petition, charge that the *sale* was a *sham one, without consideration*, the *admissions* and *declarations* of the parties to the act of sale, going to establish an express agreement, that the thing sold should be returned, on the vendor's repaying the price, are inadmissible evidence to prove the fraud.

Evidence, going to prove a different species of fraud from that alleged in the petition, is *inadmissible*.

Evidence of the declarations of the vendor and vendee relative to the *hire* of the property, alleged to have been fraudulently sold, made two years after the act of sale, is inadmissible to prove the nature of such sale.

West'n. District.
Sept'r. 1829.

FALFREY'S
SYNDIC
*vs.*
FRANCOIS & AL.

maintain another action, to set aside the conveyance in question.

The first question for an examination, is that arising out of the plea which sets up the proceedings in *concurso*, or the opposition of one of the creditors as *res judicata* against the present demand, and we are clearly of opinion, that they cannot have that effect.—The question of fraud, which may be raised during the suit the debtor brings against his creditors, has, and by law can have, no other object than depriving the plaintiff of the right of making a cession. If found against him, it forever deprives him of the benefit of the laws passed in favor of insolvent debtors; but it leaves the conveyance in full force. That can only be set aside in a suit, in which the person to whom the conveyance was made, is a party. If found in favor of the debtor, he is admitted to the benefit of these laws; but the judgment goes no further. It only passes on the act, as incidental to the decision of the question presented. In order that a judgment should have the force of the thing adjudged, the object of the demand must be the same. That was not the case here. The object, in the former instance, was to punish the

West'n. District.
*Sept'r.* 1829.

PALFREY'S
SYNDIC
*vs.*
FRANCOIS & AL.

debtor; in the present, to get back the property he conveyed without consideration. *La. Code, art.* 2265.

The record is studded with bills of exceptions. The first is a refusal of the judge to permit the plaintiff to prove "admissions and declarations of the parties to the act of sale, attacked as fraudulent, made at the time the act was passed, going to establish the express agreement of the parties, that the slaves purporting to be sold by the said act, to Raymond Francois, were to be returned by him to the vendors, on their repaying to the said Raymond, the money by him actually advanced." The proof was rejected by the court, on the ground, that the allegations in the petition did not warrant the admission of such evidence.

To ascertain whether or not, this opinion was correct, particular recurrence must be had to the statements in the petition.

The petition alleges the sale to be a sham one; and charges particularly, that the consideration, expressed in the act, never had been paid, or that if any part of it was paid, the same was immediately returned to the vendee.

West'n. District.
*Sept'r.* 1829.

PALFREY'S
SYNDIC
*vs.*
FRANCOIS & AL.

We are of opinion, these allegations did not authorise the introduction of the evidence. The proof offered, did not go to establish a sham sale, but one which was binding and legal, for nothing prevented the parties making such a contract: and if the creditors sought to set it aside, on the ground of inadequacy of price, they should have set forth this as the ground in their petition, and offered to repay the money advanced. On another ground it was objectionable. Admitting the sale to be fraudulent, it was a different species of fraud from that charged in the petition, and the defendants could not be presumed ready to meet it.

The next bill of exceptions was taken to the opinion of the judge, permitting a witness to prove the declarations of the vendor and vendee, in relation to the hire of the property made out of the presence of each other, and two years after passing of the act alleged to be fraudulent. In admitting such evidence we think the judge erred. Parties cannot make evidence for themselves, by their own declarations. If they could, it is obvious that no sale could be ever set aside, as fraudulent.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and that this cause be remanded to the district court, with directions to the judge not to admit evidence of the declaration of the defendants, made subsequent to the act of sale; and it is further ordered, that the appellees pay the costs of this appeal.

*Brownson* for the plaintiff, *Simon* for defendants.